THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>L.L.,<br><br>Defendant. | Cause No. 2:22-cv-0981 RAJ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**Note on Motion Calendar:<br>September 30, 2022**<br><br>**Oral Argument Requested** |

Defendant, by and through his undersigned counsel, in further support of his Motion to Dismiss hereby states as follows:

**INTRODUCTION**

Bungie's opposition makes clear what Defendant has been saying all along, namely that the Complaint actually filed by Bungie is hopelessly unclear as to what, exactly, Bungie's legal theories consist of and what, exactly, Bungie alleges Defendant L.L. has done wrong. The fact remains that "cheating" in online computer games is not, in and of itself, a violation of law (and if it is, Bungie has certainly not identified any such law), and to the extent Bungie hopes to shoehorn Defendant L.L.'s supposed transgressions into some existing area of law, it is Bungie's burden to not only identify the law(s) it relies on but to plead facts sufficient to establish a plausible theory of liability under such law(s).  This Bungie has failed to do.

After devoting the bulk of the one-hundred-eighty-three paragraphs of its Complaint to the various online statements, activities and "threats" Defendant L.L. supposedly made, Bungie now expressly states and admits at footnote 7 on page 7 of its Opposition that Defendant's supposed threats "were included not because L.L.'s threatening conduct is an element of any of Bungie's causes of action, but because his threatening tweets and other

Reply in Support of Motion to Dismiss
Cause No. 22-CV-0981-RAJ                    Page 1

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

Twitter conduct were the connective tissue that sparked Bungie's investigation and eventual identification of L.L." Given Bugie's admission that such actions on the part of L.L. are not "an element of any of Bungie's causes of action," it can only be concluded that they were included solely as incendiary statements to bias this Court against Defendant L.L. Resort to such tactics demonstrates again the dearth of actual facts and evidence to support the legal claims Bungie makes.

Based on Bungie's Opposition to Defendant's Motion to Dismiss, it appears that Bungie (1) is dropping its claims based on breach of contract, and (2) is agreeable to filing an amended complaint to address the deficiencies in its claim for copyright infringement. This Court should order Bungie to do just that.

## ARGUMENT

**A. Bungie Has Not Pleaded, And Cannot Plead, A Plausible Claim For Copyright Infringement.**

Bungie in its Opposition misstates and misperceives the significance of the Ninth Circuit holding in *MDY Indus., LLC v. Blizzard Entm't, Inc.,* 629 F.3d 928 (9th Cir. 2010). Bungie apparently claims that simply by putting the title "Conditions" in front of the various proscriptions included in its LSLA, it can then unilaterally label any breach thereof as "copyright infringement" and thereby avail itself of the very specific remedies provided by Congress of such infringement. In short, Bungie apparently believes that if it can impose such "Conditions" on users through its contracts of adhesion, it can then create remedies for itself that go far beyond what Congress ever intended. The Ninth Circuit in *MDY Indus.* saw through such chicanery and properly shut it down.

Importantly, the Ninth Circuit in *MDY* directly held that software license provisions purporting to proscribe such things as reverse engineering, "[disrupting] another player's game experience" and the use of "cheat" or other third-party software are "covenants" rather than "conditions," and that engaging in such conduct *does not* constitute copyright infringement. The import of this holding is not insignificant or trivial. In the words of the Court, *"Were we to hold otherwise,* Blizzard — or any software copyright holder — could

Reply in Support of Motion to Dismiss
Cause No. 22-CV-0981-RAJ                    Page 2

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

designate any disfavored conduct during software use as copyright infringement, by purporting to condition the license on the player's abstention from the disfavored conduct." 629 F.3d at 41 (emphasis supplied).  As a result, "This would allow software copyright owners far greater rights than Congress has generally conferred on copyright owners." *Id.*

Bungie cannot override both the intent of Congress and the express holdings of the Ninth Circuit simply by putting the label, "Conditions" before its various contractual proscriptions against reverse engineering, cheating, etc.  To the extent Bungie's claims for copyright infringement are based on Defendant L.L.'s purported use of a "cheat" program in violation of Bungie's LSLA contract, under the clear holding of *MDY,* such does not, and *cannot* constitute copyright infringement.

Furthermore, under the clear holding of the Ninth Circuit in *Lewis Galoob Toys, Inc. v. Nintendo of America* 964 F.2d 965 (9th Cir. 1992) wherein the Ninth Circuit expressly held that use of a "Game Genie" device which "functions by blocking the value for a single data byte sent by the game cartridge to the central processing unit in the Nintendo Entertainment System and replacing it with a new value" does *not* result in the creation of a derivative work, Bungie has not pleaded a viable claim for copyright infringement under a "derivative work" theory.  According to Bungie's own allegations at paragraph 151 of its Complaint, "the cheat software Defendant used creates visual elements that are displayed as an overlay on, and within, the Destiny 2 visual display."  According to Bungie, this somehow results in the creation of "an unauthorized derivative work of Destiny 2." (Complaint ¶ 153.)  However, Bungie has not cited, and cannot cite, any case holding that merely "overlaying" or displaying "visual elements" onto a pre-exisiting work creates a derivative work, and the holding in *Galoob* establishes otherwise.

The fact remains that Bungie's Complaint specifies only *two* ways in which Defendant L.L. supposedly infringed Bungie's copyrights.  The first, set out in ¶¶ 151-153 of the Complaint, is that the "cheat" software "creates visual elements that are displayed as an overlay on, and within, the Destiny 2 visual display."  The second, set out in ¶¶ 154-157 of

Reply in Support of Motion to Dismiss
Cause No. 22-CV-0981-RAJ                              Page 3

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

the Complaint, is that Defendant's breach of the terms of the LSLA infringes Bungie's copyrights. However, under the holdings in *MDY* and *Lewis Galoob Toys*, neither is sufficient to set out a plausible claim for copyright infringement. At the very least, Bungie should be ordered to file an amended complaint setting out, if it can, a plausible case of copyright infringement and the supposed facts supporting the same.

**B.   Bungie Has Not Pleaded, And Cannot Plead, A Plausible Claim For Circumvention Of Technological Measures.**

Bungie's Fourth Cause of Action purporting to set out a claim for Circumvention of Technological Measures, under 17 U.S.C. § 1201(a) is similarly flawed. Bungie has not identified with any specificity what its "Technological Measures" consist of, nor has it identified with any specificity how Defendant L.L. supposedly "circumvented" these supposed "measures." To the extent these measures are identified at all, they are alleged by Bungie to consist of "monitoring player movements for unusually rapid or responsive behavior, monitoring problematic or suspicious player activity, and validating client-generated values to ensure that they are within expected ranges," (Complaint ¶165), controlling "what data is and is not visible to Destiny 2 users," (Complaint ¶166), storing data that "is intentionally obfuscated so that players cannot view the information without significant investment in prohibited technical measures," (Complaint ¶167). What this says, however, is that Bungie does nothing more than simply try to hide or preclude access to data *that are at all times resident on the player's own computer and that the player has every right to access if he can.* Nowhere does Bungie allege (nor can it) that any user of "cheat" software "hacks" or improperly gains access to any Bungie computer or file or other location the user has no right to access. Again, Bungie nowhere identifies what sort of "anti cheat" software it allegedly uses and nowhere pleads how, if at all, L.L. "descramble[d] a scrambled work, … decrypted an encrypted work, or otherwise...avoid[ded], bypass[ed], remove[d], deactivate[d], or impaired a technological measure, without the authority of the copyright owner" as

Reply in Support of Motion to Dismiss
Cause No. 22-CV-0981-RAJ          Page 4

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

required under Ninth Circuit law.  See, *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d at 945.

As to Bungie's claim that "[Defendant] L.L.'s arguments rest on an incomplete accounting of L.L.'s activities," this, too, is illusory.  Bungie's principal claim is that Defendant's "motion to dismiss is curiously and notably silent as to most of those TPMs, and most of L.L.'s conduct at issue."   (Bungie Opposition at p. 18.)  However, the five "TPMs" that Bungie identifies are not, in fact, the types of "technological measures" recognized by law as being subject to circumvention.  In particular, the first of these, namely, " (1)  hardware ID technology the Bungie uses to prevent circumvention of account bans," is just another way of saying flagging particular device identification numbers as being suspect.  Defendant L.L.'s purported "circumvention" of this "technology" amounts simply to using a different IP address to play Destiny 2.  Defendant is aware of no law that limits the numbers or types of IP addresses an individual may have and/or use to access the Internet, and, again, Defendant's purported "circumvention of technological measures" amounts to no more than simply logging into Destiny 2 with a different address.

Similarly, purported technological measures "(4)" and "(5)," relating to "account bans" and "agreement to the LSLA," are based in contract law, not technology, and at best simply establish the rules under which Destiny 2 is to be played.  Violating contractual terms is not, and cannot be, the same as actually using technology to "'to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner."" See, *MDY Industries,*  629 F.3d at 945.

Finally, with respect to purported technological measures "(2)" and "(3)" relating to "[automatic] scans for indicators of cheating" and "software design that hides from Destiny 2 players much of the enemy positioning data," these, too, do not amount "descrambling" a scrambled work, or "decrypting an encrypted work," or otherwise removing, deactivating or impairing a technological measure.  Merely avoiding activities that might be under scrutiny

Reply in Support of Motion to Dismiss  
Cause No. 22-CV-0981-RAJ

Page 5

Mann Law Group pllc  
403 Madison Ave. N. Ste. 240  
Bainbridge Island, WA  98110  
Phone:  206.436.0900

by others is no more unlawful than using a speedometer to drive within posted limits while traffic enforcement officers are nearby. Bungie has not identified any particular technological measure (such as encryption, etc.) it utilizes and that has been defeated of otherwise compromised by Defendant. At the very least, Bungie should be ordered to file an amended complaint setting out in plausible detail the specific facts given rise to and supporting its claim that Defendant L.L. has "circumvented" Bungie's purported "technological measures."

**C.  Bungie's Remaining Claims Sounding In Breach Of Contract Remain Barred By Reason Of Defendant L.L.'s Dissaffirmance Of The LSLA**

Bungie's remaining claims all rely ultimately on a supposed breach by Defendant L.L. of the Bungie LSLA. Because Defendant L.L. is not subject to the terms and provisions of the LSLA, Bungie's claims based on a supposed breach of the LSLA should and must be dismissed. Again, at the very least, Bungie should be ordered to file an amended complaint setting out in plausible detail how Defendant L.L.'s actions give rise to plausible claims for fraud, breach of contract and violation of the Washington Consumer Protection Act.

At its root, Bungie's claim for violation of the Washington Consumer Protection Act alleges that Defendant L.L.'s purchase of Bungie "emblems" from their legitimate source and at the asking price is *necessarily* based on the claim that such purchase violates the *contractual* terms of the LSLA. As Defendant L.L. is and remains a minor who has disaffirmed the LSLA under RCW §26.28.030, an alleged breach of the LSLA does not and cannot form a legitimate basis for a claim that L.L. has violated the Washington Consumer Protection Act.

Each of purported "unfair" acts of Defendant L.L. (i.e., buying something from the legitimate seller at the fair asking price) is unlawful, if at all, *only* under a theory of breach of contract. Indeed Bungie, itself, asserts, that, "L.L.'s emblems sales, which steal money from Bungie's charity drives and devalue the rewards Bungie offers its players, *all in violation of the contractual terms on which Bungie makes emblems available to users*, are clearly unfair."

Reply in Support of Motion to Dismiss  
Cause No. 22-CV-0981-RAJ                         Page 6

Mann Law Group pllc  
403 Madison Ave. N. Ste. 240  
Bainbridge Island, WA  98110  
Phone: 206.436.0900

(Bungie Opposition at p.22 (emphasis supplied)).  Furthermore, Bungie, in a tautological argument, simply asserts this is "unfair" because it is "unfair."

Again, Bungie's complaint fails to allege a plausible basis for claims of fraud, breach of contract or violation of the Washington Consumer Protection Act.  Given that there is no valid contract between Bungie and Defendant L.L., any and all claims based on an alleged inducement to enter into a contract or for breach of any such contract should and must be dismissed.  Again, and at minimum, Bungie should be ordered to file an amended Complaint setting out, if it can, the plausible basis for the claims that it makes.

## V. CONCLUSION

As previously noted, Bungie's Complaint is basically a hyperbolic attack on a minor child intended to bias the Court and public against him, while offering little if anything in the way of actual facts giving rise to plausible claims for relief, as actually recognized under law. At the very least, Bungie should be ordered to file an amended complaint without the inflammatory detail Bungie *itself* now admits is not relevant to any of the claims, and that sets out plausible theories of relief.  Defendant L.L., like any defendant, is entitled to know the basis for the allegations made against him and what facts, if any, support those allegations. Again, Bungie's Complaint fails to allege facts giving rise to claims for which relief may be granted and should be dismissed.

Dated September 30, 2022

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington  98110
Phone (206) 436-0900
phil@mannlawgroup.com
Attorneys for Defendant

Reply in Support of Motion to Dismiss
Cause No. 22-CV-0981-RAJ                    Page 7

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900