1

2

3

4

5

6

7

8

9

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   BUNGIE, INC.,

11                        Plaintiff,

12       v.

13   L.L.,

14                        Defendants.

15

Case No. 2:22-cv-0981 RAJ

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT

**NOTE ON MOTION CALENDAR:
SEPTEMBER 1, 2023**

16                  **STIPULATION AND MOTION FOR ENTRY OF JUDGMENT**

17       Defendant L.L. (the "Defendant") and Plaintiff Bungie, Inc., through their undersigned

18   counsel, hereby stipulate as follows and jointly move that the Court enter the proposed Order and

19   the Consent Judgment attached as Attachment A to the Order, based on the following

20   stipulations between the parties:

21       1.       Bungie is the holder of multiple copyright registrations for *Destiny 2*, including

22   Registrations Nos. TX 8-933-655, TX 8-933-658, and TX 9-130-251 covering the *Destiny 2:*

23   *Beyond Light*, and *Destiny 2: The Witch Queen* software, and Registrations No. PA 2-282-670

24   and PA 2-280-030, covering *Destiny 2* and *Destiny 2: Beyond Light* as audiovisual works.

25

26

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 1

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1   Bungie also has further registrations pending for *Destiny 2: The Witch Queen*.  Collectively,

2   these are referred to below as the "Copyrights."

3

4   2.   Washington recognizes a tort of cyberstalking that encompasses conduct

5   prohibited by Washington's Cybercrime Act. *See Bungie, Inc. v. Comer*, No. 22-2-10761-8 SEA

6   (Wash. Super. Ct., King County, July 11, 2023). Defendant engaged in conduct that arguably

7   violates that statute.

8

9   3.   Defendant has also used cheat software when playing *Destiny 2*.

10

11   4.   The cheat software Defendant uses displays a graphical overlay that integrates

12   into and annotates Plaintiff's copyrighted *Destiny 2* audiovisual work, and thereby infringes

13   Bungie's Copyrights as an unauthorized derivative work.

14

15   5.   The cheat software Defendant uses operates by injecting code into Plaintiff's

16   copyrighted *Destiny 2* code, with the combined code working in concert to enable and provide

17   the "hacks," and thereby infringes Bungie's Copyrights as an unauthorized derivative work.

18

19   6.   In addition, the cheat software Defendant uses operates to circumvent

20   technological measures Plaintiff employs to control and limit access to its software, including by

21   aimbot smoothing and accessing data to which Plaintiff otherwise denies users access, in

22   violation of 17 U.S.C. § 1201(a) and (b).

23

24   7.   Defendant has used the cheat software countless times, and each use constitutes

25   an independent circumvention of technological measures that control access to *Destiny 2* in

26   violation of 17 U.S.C. § 1201(a).

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

8.      Defendant also violated 17 U.S.C. § 1201(a) by creating new accounts to access *Destiny 2* after being banned from *Destiny 2* and with knowledge that the account ban was intended to restrict his access to *Destiny 2*, with each new account constituting the independent circumvention of a technological measure that controls access to *Destiny 2*.

9.      Defendant disaffirmed the license agreement that licensed him to download and play *Destiny 2*, rendering that license void *ab initio*.

10.     Thus, Defendant's download and use of *Destiny 2* was unlicensed and Defendant infringed Plaintiff's Copyrights each time he opened the software, causing it to be copied into his computer's RAM. *MAI v. Peak*, 991 F.2d 511, 26 USPQ2d 1458 (9th Cir. 1993).

11.     Plaintiff is entitled to statutory damages of $150,000.00 per infringed work, for a total of $300,000.00.

12.     In addition, Plaintiff is entitled to statutory damages for each act of circumvention.

13.     Defendant stipulates and agrees that, between each use of cheat software and each creation of a new account, Defendant engaged in at least 100 acts of circumvention.

14.     Given that this likely undercounts the number of acts of circumvention in which Defendant engaged, Plaintiff is entitled to statutory damages of $2,000 per act of circumvention.

15.     Judgment shall thus be entered against Defendant in the amount of $500,000.00.

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 3

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1    16.    Any claims alleged in the Complaint and not addressed herein are withdrawn by

2    Plaintiff.

3

4    17. In addition, pursuant to 17 U.S.C. §§ 502, 504, 505, 506, and 1201, and the Court's

5    inherent equitable powers, the Court should order the Defendant to immediately and permanently

6    cease and desist from any of the following:

7

8    A.    Obtaining, possessing, accessing, using, developing, distributing, advertising,

9    marketing, promoting, performing, streaming, promoting, advertising, or encouraging or

10   inducing others to purchase or use the software referenced in the Complaint designed to be used

11   with *Destiny 2* (the "Cheat Software") or any software whose use infringes intellectual property

12   owned or controlled by Plaintiff or its parents, subsidiaries, or affiliates (collectively, "Bungie"),

13   circumvents technological measures that effectively control access to Bungie's games, violates

14   Bungie's licensing agreements, or is designed to exploit or enable the exploitation of any game

15   owned, published, distributed or operated by Bungie;

16   B.    Purchasing, selling, reselling, or processing payments for, or otherwise

17   participating in the sale, resale, and/or acquisition of Bungie accounts, emblems, clan names, or

18   any other asset, item, or other thing associated with Bungie's games;

19   C.    Obtaining, downloading, copying, playing, streaming, or otherwise interacting

20   with Bungie's games;

21   D.    Directly or indirectly threatening or harassing Bungie, or its employees, or any

22   member of the *Destiny 2* community in their capacity as such, or encouraging or otherwise

23   assisting any other party to do so. For purposes of clarity, "in their capacity as such" is intended

24   to clarify that, as to members of the *Destiny 2* community, this provision applies only to conduct

25   by Defendant relating to such member's participation in the *Destiny 2* community;

26   E.    Travelling within 1000 feet of Bungie's offices, or knowingly travelling within

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 4

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1    1000 feet of the known home address of any Bungie employee, except as is incidental to travel

2    on public highways and roadways for purposes other than to make contact with or otherwise

3    harass such Bungie employee;

4         F.       Supporting, promoting, using, or facilitating access to any and all domain names,

5    URLs, and websites (including, but not limited to, OGUsers.com), including any and all future

6    and successor domain names, URLs, and websites, through which Defendant has trafficked

7    Emblems or accounts, and through which he has obtained any circumvention devices that

8    threaten Plaintiff's technological protection measures or which infringe Plaintiff's Intellectual

9    Property rights. For the avoidance of doubt, nothing in this provision restricts Defendant's use of

10   social media where such use is not connected to the use and proliferation of cheating software.

11        G.       Defendants shall take all necessary steps to disable, remove, or otherwise shut

12   down any social network, video sharing, or digital messaging accounts under his control

13   (including, but not limited to, Facebook, groups or chats on Facebook, YouTube, Twitter, Tik

14   Tok, Discord, GBATemp, Reddit, Telegram, Skype, WeChat, WhatsApp, Signal, or their

15   equivalent) that are dedicated to the activities in this Judgment for which he is liable and

16   permanently enjoined from or any other software whose use infringes any of Plaintiff's

17   Intellectual Property Rights, circumvents technological measures that effectively control access

18   to Plaintiff's games, or violates Plaintiff's license agreements, and shall any take all necessary

19   steps to remove any information on any non-dedicated (e.g., personal) social network accounts

20   under his control used to distribute or promote any of the foregoing.  For the avoidance of doubt,

21   nothing in this provision restricts Defendant's use of social media where such use is not

22   connected to the use and proliferation of cheating software.

23        H.       Defendant is further prohibited from engaging in any other violation of the Digital

24   Millennium Copyright Act or the Copyright Act, or any other federal or state law, with respect to

25   Plaintiff.

26        I.       Defendant is ordered to destroy the Cheat Software or any software whose use

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 5

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1    infringes Plaintiff's Intellectual Property, circumvents technological measures that effectively

2    control access to Plaintiff's games, violates Plaintiff's licensing agreements, or is designed to

3    exploit or enable the exploitation of any game owned, published, or operated by Plaintiff.

4          J.      This permanent injunction constitutes a binding court order, and any violations of

5    this order by Defendant will subject him to the full scope of this Court's contempt authority,

6    including punitive, coercive, and monetary sanctions.

7          K.      Any company or entity that Defendant may control in the future shall also comply

8    with the provisions of this Judgment and Permanent Injunction.

9          L.      This permanent injunction is binding against the Defendant worldwide, without

10    regard to the territorial scope of the specific intellectual property rights asserted in the Complaint

11    of the above-captioned case and may be enforced in any court of competent jurisdiction

12    wherever Defendant or their assets may be found.

13          18.      The Parties irrevocably and fully waive notice of entry of this Judgment and

14    Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction.

15    Plaintiff is not required to post any bond or security in connection with the Final Judgment and

16    Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to

17    request a bond or security.

18

19          19.      The Parties irrevocably and fully waive any and all rights to appeal this Judgment

20    and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or

21    otherwise to attack in any way, directly or collaterally, its validity or enforceability.

22

23          20.      Nothing contained in this Judgment and Permanent Injunction shall limit the right

24    of the Parties to seek relief, including without limitation damages, for any and all infringements

25

26

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 6

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1    of any Intellectual Property rights occurring after the date of this Judgment and Permanent

2    Injunction.

3

4         21.     The Court should retain jurisdiction of this action to entertain such further

5    proceedings and to enter such further orders as may be necessary or appropriate to implement

6    and enforce the provisions of this Judgment and Permanent Injunction. The Parties consent to the

7    personal jurisdiction of the United States District Court for the Western District of Washington

8    for purposes of enforcing the Judgment and Permanent Injunction.

9

10        SO STIPULATED AND MOVED, THROUGH COUNSEL OF RECORD.

11        DATED this 16th day of August, 2023.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 7

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1

2

3
By: s/ *Brian W. Esler*
Brian W. Esler, WSBA No. 22168
MILLER NASH LLP

4
Pier 70
2801 Alaskan Way, Suite 300

5
Seattle, WA 98121
Telephone: (206) 624-8300

6
Fax: (206) 340-9599
Email: brian.esler@millernash.com

7
Akiva M. Cohen, New York Bar No. 4328969

8
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER

9
& KLEIN, P.C.
1700 Broadway

10
New York, NY 10019
Telephone: (212) 400-4930

11
Email: acohen@kusklaw.com

12
Dylan M. Schmeyer, Colorado Bar No. 50573
(Admitted *pro hac vice*)

13
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.

14
750 W. 148th Avenue #4216
Westminster, CO 80023

15
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

16
Attorneys for Plaintiff

17

18

19
By: s/ *Philip P. Mann*
Philip P. Mann

20
Mann Law Group PLLC
403 Madison Ave. N, Ste. 240

21
Bainbridge Island, WA 98110
206-436-0900

22
Attorney for Defendant

23

24

25

26

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 8

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1

2

3                                    **ORDER**

4
        PURSUANT TO STIPULATION, IT IS SO ORDERED.  The Clerk is directed to enter
5
   judgment against L.L. and in favor of plaintiff Bungie, Inc. in conformity with the stipulations
6
   above, and in the form of Attachment A to this Order.
7

8
   DATED:_____
9

10                                          _____

11                                          Richard A. Jones
                                            United States District Court Judge
12

13
   4889-5832-9207.2
14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED MOTION FOR ENTRY OF CONSENT
JUDGMENT - 9

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121