1    The Honorable Richard A. Jones

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10   BUNGIE, INC.,

11                       Plaintiff,              Case No. 2:22-cv-0981 RAJ

12           v.                                  CONSENT JUDGMENT AND
                                                 PERMANENT INJUNCTION
13   L.L.,

14                       Defendants.

15

16        Based upon the Parties' Stipulation dated August 16, 2023, the Court finds, and orders

17   that judgment is entered against Defendant L.L.  ("Defendant") and in favor of Plaintiff Bungie,

     Inc. ("Plaintiff") as follows:
18

19        1.       Bungie is the holder of multiple copyright registrations for *Destiny 2*, including

20   Registrations Nos. TX 8-933-655, TX 8-933-658, and TX 9-130-251 covering the *Destiny 2:*

21   *Beyond Light*, and *Destiny 2: The Witch Queen* software, and Registrations No. PA 2-282-670

22   and PA 2-280-030, covering *Destiny 2* and *Destiny 2: Beyond Light* as audiovisual works.

23   Bungie also has further registrations pending for *Destiny 2: The Witch Queen*.  Collectively,

24   these are referred to below as the "Copyrights."

25

26

CONSENT JUDGMENT AND PERMANENT
INJUNCTION - 1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

2.      Washington recognizes a tort of cyberstalking that encompasses conduct prohibited by Washington's Cybercrime Act. *See Bungie, Inc. v. Comer*, No. 22-2-10761-8 SEA (Wash. Super. Ct., King County, July 11, 2023). Defendant engaged in conduct that arguably violates that statute.

3.      Defendant has also used cheat software when playing *Destiny 2*.

4.      The cheat software Defendant uses displays a graphical overlay that integrates into and annotates Plaintiff's copyrighted *Destiny 2* audiovisual work, and thereby infringes Bungie's Copyrights as an unauthorized derivative work.

5.      The cheat software Defendant uses operates by injecting code into Plaintiff's copyrighted *Destiny 2* code, with the combined code working in concert to enable and provide the "hacks", and thereby infringes Bungie's Copyrights as an unauthorized derivative work.

6.      In addition, the cheat software Defendant uses operates to circumvent technological measures Plaintiff employs to control and limit access to its software, including by aimbot smoothing and accessing data to which Plaintiff otherwise denies users access, in violation of 17 U.S.C. § 1201(a) and (b).

7.      Defendant has used the cheat software countless times, and each use constitutes an independent circumvention of technological measures that control access to *Destiny 2* in violation of 17 U.S.C. § 1201(a).

8.      Defendant also violated 17 U.S.C. § 1201(a) by creating new accounts to access *Destiny 2* after being banned from *Destiny 2* and with knowledge that the account ban was

CONSENT JUDGMENT AND PERMANENT
INJUNCTION - 2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1  intended to restrict his access to *Destiny 2*, with each new account constituting the independent
2  circumvention of a technological measure that controls access to *Destiny 2*.
3
4          9.      Defendant disaffirmed the license agreement that licensed him to download and
5  play *Destiny 2*, rendering that license void *ab initio*.
6
7          10.     Thus, Defendant's download and use of *Destiny 2* was unlicensed and Defendant
8  infringed Plaintiff's Copyrights each time he opened the software, causing it to be copied into his
9  computer's RAM. *MAI v. Peak*, 991 F.2d 511, 26 USPQ2d 1458 (9th Cir. 1993).
10
11         11.     Plaintiff is entitled to statutory damages of $150,000.00 per infringed work, for a
12  total of $300,000.00.
13
14         12.     In addition, Plaintiff is entitled to statutory damages for each act of
15  circumvention.
16
17         13.     Defendant stipulates and agrees that, between each use of cheat software and each
18  creation of a new account, Defendant engaged in at least 100 acts of circumvention.
19         14.     Given that this likely undercounts the number of acts of circumvention in which
20  Defendant engaged, Plaintiff is entitled to statutory damages of $2,000 per act of circumvention.
21
22         15.     Judgment shall thus be entered against Defendant in the amount of $500,000.00.
23
24         16.     Any claims alleged in the Complaint and not addressed herein are withdrawn by
25  Plaintiff.
26

CONSENT JUDGMENT AND PERMANENT
INJUNCTION - 3

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

17. In addition, pursuant to 17 U.S.C. §§ 502, 504, 505, 506, and 1201, and this Court's inherent equitable powers, the Court orders that Defendant shall immediately and permanently cease and desist from any of the following:

A.      Obtaining, possessing, accessing, using, developing, distributing, advertising, marketing, promoting, performing, streaming, promoting, advertising, or encouraging or inducing others to purchase or use the software referenced in the Complaint designed to be used with *Destiny 2* (the "Cheat Software") or any software whose use infringes intellectual property owned or controlled by Plaintiff or its parents, subsidiaries, or affiliates (collectively, "Bungie"), circumvents technological measures that effectively control access to Bungie's games, violates Bungie's licensing agreements, or is designed to exploit or enable the exploitation of any game owned, published, distributed or operated by Bungie;

B.      Purchasing, selling, reselling, or processing payments for, or otherwise participating in the sale, resale, and/or acquisition of Bungie accounts, emblems, clan names, or any other asset, item, or other thing associated with Bungie's games;

C.      Obtaining, downloading, copying, playing, streaming, or otherwise interacting with Bungie's games;

D.      Directly or indirectly threatening or harassing Bungie, or its employees, or any member of the *Destiny 2* community in their capacity as such, or encouraging or otherwise assisting any other party to do so. For purposes of clarity, "in their capacity as such" is intended to clarify that, as to members of the *Destiny 2* community, this provision applies only to conduct by Defendant relating to such member's participation in the *Destiny 2* community;

E.      Travel within 1000 feet of Bungie's offices, or knowingly travel within 1000 feet of the known home address of any Bungie employee, except as is incidental to travel on public highways and roadways for purposes other than to make contact with or otherwise harass such

CONSENT JUDGMENT AND PERMANENT
INJUNCTION - 4

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1  Bungie employee;

2       F.     The Court further enjoins Defendant from supporting, promoting, using, or

3  facilitating access to any and all domain names, URLs, and websites (including, but not limited

4  to, OGUsers.com), including any and all future and successor domain names, URLs, and

5  websites, through which Defendant has trafficked Emblems or accounts, and through which he

6  has obtained any circumvention devices that threaten Plaintiff's technological protection

7  measures or which infringe Plaintiff's Intellectual Property rights. For the avoidance of doubt,

8  nothing in this provision restricts Defendant's use of social media where such use is not

9  connected to the use and proliferation of cheating software.

10       G.     Defendants shall take all necessary steps to disable, remove, or otherwise shut

11  down any social network, video sharing, or digital messaging accounts under his control

12  (including, but not limited to, Facebook, groups or chats on Facebook, YouTube, Twitter, Tik

13  Tok, Discord, GBATemp, Reddit, Telegram, Skype, WeChat, WhatsApp, Signal, or their

14  equivalent) that are dedicated to the activities in this Judgment for which he is liable and

15  permanently enjoined from or any other software whose use infringes any of Plaintiff's

16  Intellectual Property Rights, circumvents technological measures that effectively control access

17  to Plaintiff's games, or violates Plaintiff's license agreements, and shall any take all necessary

18  steps to remove any information on any non-dedicated (e.g., personal) social network accounts

19  under his control used to distribute or promote any of the foregoing.  For the avoidance of doubt,

20  nothing in this provision restricts Defendant's use of social media where such use is not

21  connected to the use and proliferation of cheating software.

22       H.     Defendant is further prohibited from engaging in any other violation of the Digital

23  Millennium Copyright Act or the Copyright Act, or any other federal or state law, with respect to

24  Plaintiff.

25       I.     Defendant is ordered to destroy the Cheat Software or any software whose use

26  infringes Plaintiff's Intellectual Property, circumvents technological measures that effectively

CONSENT JUDGMENT AND PERMANENT
INJUNCTION - 5

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1 control access to Plaintiff's games, violates Plaintiff's licensing agreements, or is designed to

2 exploit or enable the exploitation of any game owned, published, or operated by Plaintiff.

3      J.     This permanent injunction constitutes a binding court order, and any violations of

4 this order by Defendant will subject him to the full scope of this Court's contempt authority,

5 including punitive, coercive, and monetary sanctions.

6      K.     Any company or entity that Defendant may control in the future shall also comply

7 with the provisions of this Judgment and Permanent Injunction.

8      L.     This permanent injunction is binding against the Defendant worldwide, without

9 regard to the territorial scope of the specific intellectual property rights asserted in the Complaint

10 of the above-captioned case and may be enforced in any court of competent jurisdiction

11 wherever Defendant or their assets may be found.

12      18.     The Parties irrevocably and fully waive notice of entry of this Judgment and

13 Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction.

14 Plaintiff is not required to post any bond or security in connection with the Final Judgment and

15 Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to

16 request a bond or security.

17

18      19.     The Parties irrevocably and fully waive any and all rights to appeal this Judgment

19 and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or

20 otherwise to attack in any way, directly or collaterally, its validity or enforceability.

21

22      20.     Nothing contained in this Judgment and Permanent Injunction shall limit the right

23 of the Parties to seek relief, including without limitation damages, for any and all infringements

24 of any Intellectual Property rights occurring after the date of this Judgment and Permanent

25 Injunction.

26

CONSENT JUDGMENT AND PERMANENT
INJUNCTION - 6

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1   21.   The Court shall retain jurisdiction of this action to entertain such further

2   proceedings and to enter such further orders as may be necessary or appropriate to implement

3   and enforce the provisions of this Judgment and Permanent Injunction. The Parties consent to the

4   personal jurisdiction of the United States District Court for the Western District of Washington

5   for purposes of enforcing the Judgment and Permanent Injunction.

6

7   22. IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance

8   with the terms set forth above, including a damages award in the amount of $500,000 and that

9   the clerk be, and hereby is, directed to close this matter.

10

11

12

13   DATED:   September 8, 2023

14

15   RICHARD A. JONES
     United States District Court Judge

16

17

18

19

20

21

22

23

24

25

26

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121